IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

J.B.,

      **Plaintiff,**

      v.

RED ROOF INNS, INC., *et al*.,

      **Defendants.**

Civil Action 2:22-cv-3776
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

On August 5, 2025, Plaintiff filed an Amended Complaint. (ECF No. 90.) Plaintiff added an additional party, Defendant Ganesh Hotel Group, LLC. (*Id.*) The docket reflects that Defendant Ganesh Hotel Group, LLC was served on October 21, 2025. (ECF No. 96.) Defendant Ganesh Hotel Group, LLC did not respond to the Amended Complaint, nor did Plaintiff apply for an entry of default. On November 24, 2025, the Court issued a Show Cause Order requiring Plaintiff to demonstrate good cause as to why her claims against Defendant Ganesh Hotel Group, LLC should not be dismissed for want of prosecution by December 8, 2024. (ECF No. 99.) Plaintiff failed to do so.

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action without prejudice pursuant to Federal Rule of Civil Procedure 41(b). The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has

the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted); *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate).

Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS without prejudice** Plaintiff's claims against Defendant Ganesh Hotel Group, LLC for failure to prosecute.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within **14 DAYS**, file and serve on all parties any objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within **14 DAYS** after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

**Date: December 10, 2025**                    /s/ *Elizabeth A. Preston Deavers*
                                               **ELIZABETH A. PRESTON DEAVERS**
                                               **UNITED STATES MAGISTRATE JUDGE**